DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Gregory P. Torre, appeals from his convictions in the Summit County Court of Common Pleas for nonsupport of dependents. We affirm.
 I {¶ 2} On November 11, 2001, the Summit County Grand Jury indicted Mr. Torre on four separate counts of nonsupport of dependents,[1] in violation of R.C. 2919.21(A)(2)/(B). A jury trial followed. The jury found Mr. Torre guilty of two counts of nonsupport of dependents, and not guilty of the remaining two counts of nonsupport of dependents. Thereafter, the trial court sentenced Mr. Torre to a six-month sentence for each offense; these sentences were to be served consecutively. Mr. Torre timely appeals and asserts two assignments of error for review. As these two assignments of error concern similar issues of law and fact, we will address them together.
 II First Assignment of Error
"The trial court erred as a matter of law, as the imposition of consecutive sentences was not supported by the record and was otherwise contrary to law in violation of [R.C. 2929.11]."
 Second Assignment of Error
"The trial court erred as a matter of law, as the imposition of consecutive sentences was not supported by the record and was otherwise contrary to law in violation of [R.C. 2929.14]."
 {¶ 3} In these assignments of error, Mr. Torre contends that the trial court erred when it imposed consecutive sentences. Specifically, Mr. Torre contends that the imposition of consecutive sentences is erroneous because: (1) the record does not support the trial court's decision concluding that the imposition of consecutive sentences is consistent with the purposes underlying felony sentencing, as required by R.C.2929.11; (2) the trial court's imposition of consecutive sentences violates R.C. 2929.14; and (3) the trial court failed to specify reasons to justify the imposition of consecutive sentences, in violation of R.C. 2929.14 and 2929.19. Mr. Torre's contentions lack merit.
 {¶ 4} An appellate court may modify a sentence or remand the matter for resentencing if it finds that the trial court clearly and convincingly acted contrary to the law. R.C.2953.08(G)(2)(b). Clear and convincing evidence is that "`which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'"State v. Eppinger, 91 Ohio St.3d 158, 164, 2001-Ohio-247, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477. Furthermore, as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society, it is in the best position to make the fact-intensive evaluations required by the sentencing statutes. State v. Martin, 136 Ohio App.3d 355, 361,1999-Ohio-814.
 {¶ 5} R.C. 2929.11 outlines the purposes and objectives for sentencing with which all sentences must comport. This section provides:
"(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
"(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
"(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender." R.C. 2929.11. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 11
(stating that "[w]hen imposing a felony sentence, the trial court must consider the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender").
 {¶ 6} To accomplish the purposes embraced in R.C. 2929.11, the trial court must look to R.C. 2929.12, and consider the factors enumerated in R.C. 2929.12(B)-(C). Accordingly, when sentencing the defendant, the trial court must consider factors relating to the "seriousness of the conduct" and the "likelihood of * * * recidivism[.]" R.C. 2929.12(A). See, also, State v.Gibson, 3rd Dist. No. 2-01-15, 2001-Ohio-2297. When addressing these factors, the trial court need not use specific language or make specific findings on the record in order to evince the required consideration of the applicable factors. State v.Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302; State v.Neptune, 9th Dist. No. 3171-M, 2001-Ohio-1768. Rather, the trial court need only state that it considered the applicable factors of R.C. 2929.12 in arriving at its decision. See Neptune,
supra. See, also, State v. Marks, 7th Dist. No. 823, 2001-Ohio-3300.
 {¶ 7} The imposition of sentences in felony proceedings is governed by R.C. 2929.14. A trial court may impose a sentence exceeding the minimum sentence on an offender who has not previously served a prison term if "[t]he court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C.2929.14(B)(2). Furthermore, R.C. 2929.14(E)(4) outlines the conditions under which a trial court may impose consecutive sentences. R.C. 2929.14(E)(4) provides:
"If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction * * *, or was under post-release control for a prior offense.
"(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." (Emphasis added.)
 {¶ 8} The trial court must also state "its reasons for imposing the consecutive sentences." R.C. 2929.19(B)(2)(c). The Supreme Court of Ohio requires a trial court to place its statutorily required findings and reasons in support of its decision to impose consecutive sentences on the record at the sentencing hearing. Comer at ¶ 20.
 {¶ 9} In the instant case, the trial court had before it facts sufficient to establish the requirements of R.C. 2929.11
and 2929.14. The record indicates that Mr. Torre failed to fulfill his child support obligations on numerous occasions. Specifically, Mr. Torre failed to provide support for "a total accumulated period of 26 weeks out of 104 consecutive weeks[.]" Additionally, in an effort to circumvent paying his child support obligation, the record indicates that Mr. Torre set up certificates of deposits in the names of Corbin Torre ("Corbin") and Jason Torre ("Jason"),[2] and further designated himself as the custodian of these accounts, thereby entitling him access to these accounts. When Mr. Torre set up the account for Jason, Mr. Torre provided the bank with a false date of birth for Jason. Mr. Torre also included false information on one of his driver's licenses. Mr. Torre had driver's licenses issued in Alabama and Maryland; however, the Alabama license did not contain Mr. Torre's correct date of birth or social security number. The record further indicates that Mr. Torre allegedly sent a threatening letter to Gregory Torre, Jr. The letter allegedly stated that Mr. Torre would send his son, Jason, to "beat [Gregory Torre, Jr.] up."
 {¶ 10} Based upon the record in this case, the trial court found the offenses to be serious and noted that there were "three victims here, a mother and the two children, who suffered serious economic harm * * * and psychological harm[,] as a result of [Mr. Torre's] noncompliance with the order." Furthermore, the trial court found that "[Mr. Torre] ha[d] the wherewithal to pay more than he did pay[, and] * * * that Mr. Torre placed resources in the name of others * * * apparently trying to hide assets and deceive [the Child Support Enforcement Agency] and the child[ren's] mother's efforts to collect on the judgment."
 {¶ 11} The trial court additionally found that Mr. Torre was likely to repeat this criminal misconduct because (1) he "show[ed] no genuine remorse[;]" (2) he "indicat[ed] an unwillingness to pay support except on his own terms[;]" and (3) he "refus[ed] to recognize the need to put food on the table for [his] children and clothes on their bodies." The trial court did recognize that Mr. Torre did not have a prior criminal record.
 {¶ 12} When determining the length of Mr. Torre's prison sentence, the trial court prefaced its discussion by stating that a prison term was necessary, that otherwise, "it would demean the seriousness of the offense[.]" The trial court elaborated that Mr. Torre exhibited a "general lack of remorse" and "fail[ed] to take responsibility when there were many opportunities [to do] so." Additionally, the trial court determined that prison was appropriate because Mr. Torre admitted that he "chose not to work because the support orders were taking so much of [his] pay."
 {¶ 13} Finally, when the trial court decided to impose consecutive sentences it concluded that:
"the harm was great in this case, * * * two children were deprived of about $4,500 a year each, which we heard from testimony, was needed for just the real basics, and so that is very concerning. Also[,] * * * according to the testimony of the officer involved, * * * [Mr. Torre] made it difficult on the folks to locate [him] and the assets. Given that [the court] think[s] it's necessary here for protection of the public and for punishment to [him]. And [the court] do[es] not think it will be disproportionate to [Mr. Torre's] conduct in this case to require [him] to serve this sentence consecutively."
 {¶ 14} We find that the record supports the determinations of the trial court that the imposition of consecutive sentences is consistent with the purposes underlying felony sentencing, as required by R.C. 2929.11, and that the imposition of consecutive sentences does not violate R.C. 2929.14. Also, this Court concludes that the trial court did, in fact, specify its reasons for imposing consecutive sentences pursuant to R.C. 2929.14 and R.C. 2929.19. Consequently, we cannot say that the trial court clearly and convincingly acted contrary to the law or to the record when it imposed consecutive sentences. Accordingly, Mr. Torre's first and second assignments of error are overruled.
 III {¶ 15} Mr. Torre's assignments of error are overruled. The convictions in the Summit County Court of Common Pleas are affirmed.
Judgment affirmed.
Whitmore, P.J., and Baird, J., concur.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Baird, J. concur.
[1] The dependents at issue in this case are Gregory Torre, Jr. and Shelby Torre.
[2] Corbin is the grandson of Mr. Torre, and Jason is the son of Mr. Torre from a previous marriage not at issue in this case.